UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM S. DANIELSKI,

    Plaintiff,

v.                                                    Case No. 1:09-CV-17

HAMILTON MORTGAGE COMPANY,            HON. GORDON J. QUIST
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS (MERS);
CITI MORTGAGE COMPANY, INC..

    Defendants.
_____/

## OPINION

Plaintiff, William Danielski ("Danielski"), through counsel, filed his Complaint in this case on January 8, 2009, against Defendants Hamilton Mortgage Company ("Hamilton"), Mortgage Electronic Registration Systems ("MERS"), and CitiMortgage Company, Inc. ("Citi"), alleging claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; the Michigan Mortgage Brokers, Lenders, and Servicers Act ("MMBLSA"), M.C.L. § 1651, *et seq.*; breach of fiduciary duty; civil conspiracy; innocent misrepresentation; fraud; and wrongful foreclosure. Citi and MERS have now moved for dismissal of all claims.[1] Danielski failed to respond to the motion within the time required by Local Rule 7.2(c). For the reasons set forth below, the Court will grant the motion and Citi and MERS from the case.

---

[1] The docket report shows that Hamilton has not been served as of this date.

**BACKGROUND**

The following facts are taken from the allegations in the Complaint. In December 2006, Danielski refinance his mortgage loan with Hamilton. Although he signed the mortgage documents, Danielski did not realize that his new loan had an adjustable interest rate. As a result, Danielski quickly fell behind on his mortgage payments and defaulted. At some point Hamilton assigned the note and mortgage to Citi, and MERS, as Citi's nominee, serviced the mortgage.

It appears that at some point Citi initiated a non-judicial foreclosure. On July 9, 2008, at a Sheriff's sale, Citi purchased the property and obtained a Sheriff's Deed on Mortgage Sale. Danielski failed to redeem the property within the statutory period, which elapsed on January 9, 2009. Danielski alleges that he was "victimized" by Hamilton and its successors, Citi and MERS, because Hamilton knew that Danielski would not be able to maintain the mortgage payments due to the high initial interest rate and the adjustable rate on the loan.

**MOTION STANDARD**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.34[1][b] (3d ed. 1997). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)).

Although a motion to dismiss is generally confined to the pleadings, the Sixth Circuit has held that a court may consider a document not formally incorporated by reference in a complaint when the complaint refers to the document and the document is central to the claims. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). In support of their motion, Citi and MERS rely upon the mortgage refinancing documents from the 2006 refinancing by Hamilton as well as July 9, 2008, Sheriff's Deed. The complaint refers to all of these documents or the transactions they reflect. Thus, they are central to Danielski's claims, and the Court may properly consider those documents on a motion to dismiss without converting the motion to a motion for summary judgment as required by Fed. R. Civ. P. 12(d). *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

## DISCUSSION

**1.  Danielski's TILA and RESPA Claims Are Time Barred**

Counts I and II allege claims for violation of the TILA and RESPA. An action under the TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). Similarly, an action based upon a violation of section 8 or 9 of RESPA, 12 U.S.C. §§ 2607 and 2608, must be brought "within . . . 1 year . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009). Danielski's TILA and RESPA claims are based upon the November 2006 mortgage loan transaction with Hamilton. Both claims are time-

3

barred because Danielski waited more than two years after the limitations period ran to file his Complaint.

### 2. Danielski's Breach of Fiduciary Duty Claim

Defendants also move for the dismissal of Danielski's breach of fiduciary duty claim in Count IV.  Although the Court agrees that the claim fails, it is asserted solely against Hamilton, not against Citi or MERS.  Therefore, the Court need not dismiss this claim.

### 3. Danielski's Fraud-Based Claims Fail to Comply with Rule 9(b)

Counts III, V, VI, and VII, alleging violation of the MMBLSA, conspiracy, innocent misrepresentation, and fraud, respectively, are all based upon some sort of fraud or misrepresentation.  Pursuant to Fed. R. Civ. P. 9(b), "[i]n allegations of fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."  The Sixth Circuit interprets Rule 9(b) as requiring a plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).  In addition, the Sixth Circuit requires that the plaintiff allege facts showing the plaintiff's reliance on the defendant's misrepresentation.  *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389-90 (6th Cir. 1996).

Danielski's allegations fail to comply with Rule 9(b).  For example, in Count III, which is asserted against all Defendants, Danielski includes general statements without attributing any act to a specific Defendant.  Although the fraud apparently occurred in connection with the 2006 refinancing transaction, Danielski fails to allege who did or said what as part of the fraud.  Danielski also fails to include any allegations showing reliance.  Similarly, in Count V, alleging a civil conspiracy, Danielski alleges that Defendants conspired to induce him to enter a mortgage

transaction with little or no benefit to him, but again, he fails to provide any details and fails to allege facts showing reliance.

Counts VI and VII, alleging innocent misrepresentation and fraud, suffer from similar defects. For example, although Danielski alleges in his innocent misrepresentation claim that "Defendants made a representation of one or more material facts, including . . . the specific terms of the mortgage transaction . . .," (Compl. ¶ 45), he fails to allege who made the misrepresentation, when it was made, and what was said. The alleged misrepresentations in paragraph 52, part of the fraud claim, are similarly deficient. Accordingly, these claims are subject to dismissal. *See Michigan ex rel. Kelley v. McDonald Dairy Co.*, 905 F. Supp. 447, 450 (W.D. Mich. 1995).

### 4. Danielski's Wrongful Foreclosure Claim Fails as a Matter of Law

In Count VIII, Danielski alleges a claim against MERS for wrongful foreclosure. He alleges that "Defendant's above-described actions do not provide a legal basis for any attempt by Defendants to foreclose on Plaintiff's home when there exists no legal right to do so and therefore, would constitute a wrongful foreclosure." (Compl. ¶ 59.)

This claim fails for two reasons. First, Citi initiated the foreclosure, not MERS. Second, Danielski's allegations fail to establish that the foreclosure was wrongful. Danielski admits in his complaint that he defaulted on his loan. Moreover, it appears from the documents attached to Citi's brief that it properly foreclosed under the terms of the note and mortgage and Michigan law. (¶ 34.) It appears that Danielski failed to redeem the property during the statutory redemption period under M.C.L. § 600.3240(8). Because Danielski provides no factual allegations other than a conclusory statement that there was no legal basis for the foreclosure, and his allegations show that Citi followed proper procedure in foreclosing, he fails to state a claim.

## CONCLUSION

For the foregoing reasons, the Court will grant Citi's and MERS' motion to dismiss.

An Order consistent with this Opinion will be entered.


Dated:  May 7, 2009                                              /s/ Gordon J. Quist            
                                                                    GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE